UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:11-cv-05080-KAM-MDG |
| | ) | |
| NAFEESAH H. HINES (individually and | ) | |
| d/b/a Clear Vision Financial Solutions), and | ) | |
| RODNEY N. CHESTNUT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## UNITED STATES' MOTION FOR DISCOVERY

Plaintiff, the United States of America, respectfully submits this memorandum of law in support of its Motion for Discovery to: (1) serve written discovery requests to, and notice depositions of defendants Nafeesah H. Hines and Rodney N. Chestnut; and (2) modify the deadline for defendants to respond to this motion to account for the early filing of this motion.

### Procedural Background

1.      The United States filed its Complaint For Permanent Injunction and Other Relief on October 19, 2011, alleging that defendants promote and implement a tax fraud scheme known as "redemption" or "commercial redemption."

2.      Defendant Hines filed her Answer on November 15, 2011.   After obtaining an extension of the deadline to respond to the Complaint, Chestnut filed his Answer on December 1, 2011.

3.      Following settlement conferences held before the Court on January 9, 2012 and February 6, 2012, the Court ordered discovery in this action to commence on February 29, 2012, to

be completed by August 31, 2012, and to be limited to third-party discovery, unless the United States applied for and received approval from the Court to serve discovery requests on defendants.

4.      During an April 4, 2012 status conference, at the request of the Court, the United States disclosed the existence of ongoing criminal investigations of both Hines and Chestnut, as well as the fact that neither defendant has been indicted.  The United States also confirmed the existence of these investigations in a letter ordered by the Court.  *See* Letter to Judge Marilyn D. Go (dated April 11, 2012), Docket No. 11.

5.      As required by the Court, the United States filed a status report on May 4, 2012 disclosing that the parties have been unable to settle this action through an agreed-upon injunction. *See* Status Report, Docket No. 12.   The status report also indicated that the United States intended to file this motion requesting leave to serve discovery on defendants without further application to the Court. *See id.*

6.      On May 5, 2012, the Court issued a scheduling order setting a May 31, 2012 deadline for the United States to file this motion and a June 15, 2012 response due date for defendants.

**Factual Allegations**

This is a civil law enforcement action that seeks to protect not just the Treasury, but the public at large.  The United States alleges that defendants promote and implement a tax fraud scheme based upon a frivolous theory that taxpayers can draw funds from secret accounts held by the Treasury of the United States using Internal Revenue Service ("IRS") Forms 1099-OID, Forms 1099-A, or other documents.   *See* Complaint, ¶ 7.  Among the relief requested by the government, the United States seeks a permanent injunction against Hines and Chestnut under 26 U.S.C. §§ 7402, 7407, and 7408, barring them from promoting this or any tax fraud scheme and from preparing tax

2

returns or tax forms for others.  *See id*. at ¶ 10 and p. 14.

Defendant Hines, the United States alleges, works with multiple tax return preparers, including defendant Chestnut, to prepare and/or submit to the IRS fraudulent Forms 1099-OID and Forms 1099-A.  *See id*. at ¶ 10.  These forms falsely report millions of dollars in fictitious income (*i.e.*, over $54 million in 2009 and 2010 alone) that purports to have been withheld for federal income taxes.  *See id*. at ¶¶ 11, 17.  Tax return preparers such as Chestnut then incorporate Hines' forms into tax returns that each claim, in many instances, several hundred thousand dollars in fraudulent refunds.  *See id*. at ¶¶ 11-12.

According to the Complaint, Chestnut promotes this tax fraud scheme to others, falsely claims to his customers that they are entitled to enormous, legitimate refunds, and prepares tax returns for others, as well as himself, to implement the "redemption scheme."  *See id*. at ¶¶ 11, 14.  Detecting Chestnut's tax fraud is particularly difficult because, as the government contends, he further violates the Internal Revenue Laws by preparing tax returns for others without identifying himself as the preparer on the tax returns.  *See id*. at ¶ 19.

The United States and the public are harmed by defendants' tax fraud.  The government is harmed because the IRS must continually devote its limited resources to detecting defendants' illegal conduct.  *See id*. at ¶ 16.  In addition, the IRS has erroneously issued refunds due to defendants' fraud, and must expend additional resources in an attempt to recover these sums – an effort, the government alleges, Chestnut has attempted to impede.  *See id*. at ¶¶ 16-17, 34.  Finally, as detailed in the Complaint, defendants harm their customers by: (1) preparing fraudulent tax returns that expose each customer to substantial penalties; (2) charging them thousands of dollars in fees; and (3) refusing to return these fees to customers after the IRS demands repayment of the fraudulently

3

obtained refunds.  *See id*. at ¶¶ 13, 26, 33.

## Argument

To-date, the United States has pursued third-party discovery, as permitted by this Court.  The United States deposed multiple individuals who entered into defendants' tax fraud scheme. Nonetheless, full discovery of defendants through deposition(s) and written discovery is both appropriate, despite the existence of open criminal investigations of each defendant, and necessary to obtain additional facts needed for resolution of this case at summary judgment or trial.

To determine whether to stay discovery going forward or to allow full discovery to proceed, the relevant factors for the Court to consider include:

1. "[T]he extent to which the issues in the criminal case overlap with those presented in the civil case";
2. "[T]he status of the criminal case, including whether the defendants have been indicted";
3. "[T]he private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay";
4. "[T]he private interest of and burden on the defendants";
5. "[T]he interests of the courts; and
6. "[T]he public interest."

*See e.g.*, *Hicks v. City of New York*, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003).  As addressed more fully below, a balance of these factors weighs strongly in favor of granting the United States' Motion for Discovery.

A.   *The Public Interest and Potential Prejudice Caused by a Delay of
     Full Discovery Warrants Granting the United States' Motion*

The nature of this action does not implicate private interests of a plaintiff.  Rather, the remedy sought in the government's Complaint – an injunction that seeks to protect the public and the Treasury from defendants' promotion and implementation of a tax fraud scheme – is essential to the

civil law enforcement obligations of the Executive Branch of the federal government and consistent with its "right and duty to seek an injunction to protect the public interest ... ." *United States v. Borden Co.*, 347 U.S. 514, 519 (1954); *see also United States v. Moser*, 96 A.F.T.R.2d (RIA) 6943, 2005 U.S. Dist. LEXIS 28256, at *7 (D. Haw. Oct. 17, 2005) ("Congress views injunctions as the most effective way to enforce the law against promoters of . . . abusive tax schemes.") (*citing* S.Rep. No. 97-494(I), at 268 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 1016).  This public interest is a compelling factor for the Court to consider when determining if full discovery of defendants may proceed in this action, particularly given that "curtailment" of standard discovery procedures would restrict "a federal agency that has been specifically charged to protect the public through enforcement actions." *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531, 535 (E.D.N.Y. 2003) (*quoting SEC v. Gilbert*, 79 F.R.D. 683, 686 (S.D.N.Y. 1978)).[1]

The tax fraud scheme alleged in this action is egregious and stopping defendants from convincing others to participate in it an important public interest.  As addressed above, the United States contends that defendants promote and implement their tax fraud scheme, using IRS Forms 1099-OID and other forms, in a manner that makes detection by the IRS difficult, threatens the public fisc, and harms defendants' customers.  Stopping defendants' illegal conduct is a priority for the federal government.  The IRS, for example, repeatedly identifies "False Form 1099 Refund" tax fraud as one of its "Dirty Dozen" tax scams in annual warnings issued to the public.  *See* http://www.irs.gov/newsroom/article/0,,id=254383,00.html (IRS Press Release, February 16, 2012);

---

[1] In *A.S. Templeton Group*, the Court denied defendants' motion to stay discovery in a civil case brought by the Commodity Futures Trading Commission alleging illegal currency exchanges, despite the fact that the F.B.I. informed the defendants of a related criminal investigation.  *Id*. at 532.  The Court noted that "the need to proceed with the civil action may be strong, especially where a government agency acts in the role of a civil litigant."  *Id*. at 534 (citation omitted).

*see also* http://www.irs.gov/newsroom/article/0,,id=220238,00.html (IRS Press Release, April 7, 2011); http://www.irs.gov/newsroom/article/0,,id=220238,00.html (IRS Press Release, March 16, 2010) http://www.irs.gov/newsroom/article/0,,id=206370,00.html (IRS Press Release, April 13, 2009).

In addition to the public interests at stake, without full discovery, the prejudice posed to the United States is substantial.   When affirming the propriety of parallel civil and criminal proceedings, the Supreme Court concluded that "[i]t would stultify enforcement of federal law to require a governmental agency ... to chose either to forgo recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial." *United States v. Kordell*, 397 U.S. 1, 11 (1970) (citation omitted); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, Docket Nos. 08-4483-cv, 08-4525-cv, 08-5108-cv, 08-5273-cv, 08-5290-cv, 2012 WL 1034900, *11 (2d Cir. Mar. 29, 2012) (affirming district court's denial of a party's request to stay civil proceedings, noting that "'[a] stay of [a] civil case to permit conclusion of a related criminal prosecution has been characterized as 'an extraordinary remedy'") (quotation omitted); *Nosik v. Singe*, 40 F.3d 594, 596 (2d Cir.1994) ("The Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.") (*quoting SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).

The inability of the government to conduct discovery of defendants would "stultify" the government's civil law enforcement efforts in this action.   Cases brought against tax protesters under the same injunction statutes at issue in this action (*i.e.*, 26 U.S.C. §§ 7402, 7407, and 7408) examine evidence that can only be fully developed in this litigation through discovery of defendants.   For example, the opinion and injunction order issued by Judge Matsumoto in *United States v. Pugh*

against promoters of the "so-called claim of right' tax-evasion scheme"[2] relied upon, among other things, admissions of the tax return preparer/defendants (*See id.* at 283), identification of and testimony by defendants' customers (including customers whose tax returns failed to disclose the true identity of the preparer) (*See id.* at 300), proof that defendants received compensation for implementing their scheme (*See id.* at 286), as well as evidence revealing defendants' subjective awareness of the frivolous nature of their scheme (*See id.* at 289-90) and their attempts to impede the IRS' discovery/investigation of their tax fraud (*See id.* at 290). Unless the United States obtains the opportunity to obtain similar evidence directly from Hines and Chestnut, the government will be faced with the same dilemma noted in *Kordell* – either (1) attempt to develop this case for resolution on the merits without access to all the facts, or (2) permanently forgo or significantly delay civil proceedings.[3]

B.      *Defendants' Private Interests and the Burden Posed by Discovery Fail to Justify a Stay*

        Undeniably, it is not in Chestnut and Hines' interest for the United States to pursue civil discovery and potentially obtain incriminating information while they are targets of pending criminal

---

[2] Defendants falsely claimed that money earned in exchange for personal labor or services does not constitute taxable income and, therefore, individual income is purportedly exempt from federal taxation. 717 F.Supp.2d 271 (E.D.N.Y. 2010).

[3] The Court also has an interest in preventing delay. Although a stay of full discovery in this action would be *sua sponte*, courts are "best served when motions to stay proceedings are discouraged," since "'a policy of issuing stays solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and interference with judicial administration.'" *United States v. Private Sanitation Indus. Ass'n. Of Nassau/Suffolk, Inc.*, 811 F.Supp. 802, 808 (E.D.N.Y. 1992) (*quoting Arden Way Assocs. v. Boesky*, 660 F.Supp. 1494, 1497 (S.D.N.Y. 1987)).

investigations.[4]    Nonetheless, defendants' interests and the burden posed by proceeding with discovery in this civil action do not weigh in favor of a stay of full discovery.

No party is necessarily entitled to a stay of civil discovery when simultaneously faced with potential criminal liability, although certain legal protections exist for defendants.  For example, in response to government discovery directed at them, the defendants are free to assert their Fifth Amendment rights, where appropriate.  The United States, in turn, may seek an adverse inference for purposes of this civil action.  While this scenario requires defendants to choose between assertion of their Constitutional rights and responding to discovery, as the Court of Appeals for the Second Circuit has noted, "defendant[s] ha[ve] no absolute right not to be forced to choose between testifying in a civil matter and asserting [their] Fifth Amendment privilege." *Louis Vuitton Malletier S.A.*, 2012 WL 1034900 at *11 (*quoting Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)).

Moreover, while evidence obtained in this civil action may be used by the United States in a future criminal proceeding against defendants, the government remains bound by its obligation to seek civil discovery as part of its good faith, civil enforcement of the tax laws.  *See United States v. Lyttle*, Nos. 09-5195-cr (L), 09-5198-cr (con), 09-5335-cr (con), 2012 WL 284655, *2 (2d Cir. Feb. 1, 2012) (rejecting a challenge to the admissibility of evidence in a criminal securities fraud action that was obtained in good faith during SEC civil enforcement proceedings against the same defendant).  The existence of parallel civil and criminal proceedings, each with a valid purpose, does not constitute bad faith.  *See United States v. Gel Spice Co., Inc.*, 773 F.2d 427, 434 (2d Cir. 1985)

---

[4] As disclosed in the government's April 11, 2012 letter to the Court, the United States acknowledges that this action relates to the same conduct at issue in pending criminal investigations of Hines and Chestnut.  *See* Letter to Judge Marilyn D. Go (dated April 11, 2012), Docket No. 11.

(holding that the existence of parallel civil and criminal actions by the government not only did not show bad faith, but failed to even justify an evidentiary hearing on the issue during the criminal proceedings).

      C.     *The United States' Motion Should Be Granted Since*
             *Neither Chestnut Nor Hines Has Been Indicted*

Among the factors for determining whether to stay full discovery from going forward, the fact that neither defendant has been indicted for their promotion and implementation of the "redemption" tax fraud scheme is, by itself, potentially dispositive.   As Judge Glasser has noted, in the absence of an indictment, a request for a stay "may be denied on that ground alone."   *Private Sanitation*, 811 F.Supp. at 805-06 (*citing United States Dist. Council of New York City*, 782 F.Supp. 920, 925 (S.D.N.Y. 1992), *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 14 (S.D.N.Y. 1990) and *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) for the proposition that "[p]re-indictment requests for a stay of civil proceedings are generally denied").   Even an indictment of a civil defendant does not, *per se*, require a stay of civil discovery.   *See Louis Vuitton Malletier S.A.*, 2012 WL 1034900 at *13.

**Conclusion**

The balance of relevant factors weighs in favor of granting the government's request to conduct full discovery in this action and to allow the United States leave to serve written discovery requests to, and notice depositions of defendants Hines and Chestnut.   Given that the United States filed this motion 17 days prior to the deadline set by the Court (*i.e.*, May 31, 2012), the government also requests that the Court re-set the current deadline for defendants to file a response (*i.e.*, June 15,

2012, fifteen days after the government's motion) to May 29, 2012.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

/s/ Russell J. Edelstein
RUSSELL J. EDELSTEIN
Mass. Bar No. 663227
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-2704
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov

DATED: May 14, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record, including:

Nafeesah H. Hines
116-41 116th Street
Jamaica, NY 11434
nhcv115080@gmail.com

Rodney N. Chestnut
112 W. Bartlett Road
Middle Island, NY 11953
rc804@hotmail.com

I further certify that, in compliance with Local Rule 7.2, all unpublished cases cited in this memorandum will be sent to each defendant by first-class mail.

/s/ Russell J. Edelstein
RUSSELL J. EDELSTEIN
Trial Attorney, Tax Division
U.S. Department of Justice

10