```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                    Plaintiff,
                                              ORDER
          - against -
                                              CV 2011 5080 (KAM)(MDG)
NAFEESAH H. HINES (individually and
d/b/a Clear Vision Financial
Solutions), and RODNEY N. CHESTNUT,

                    Defendants.

- - - - - - - - - - - - - - - - - - - -X
```

In this action, the United States seeks to enjoin defendants Nafeesah Hines and Rodney Chestnut from engaging in a fraudulent tax scheme. The government moves for leave to serve written discovery requests and notices of deposition on defendants. In opposition, the defendants contest the jurisdiction of this Court on various grounds.

BACKGROUND

On October 19, 2011, the United States filed a Complaint in this action alleging that defendants Nafeesah Hines and Rodney Chestnut implemented and promoted a tax fraud scheme known as "redemption" or "commercial redemption." The United States alleges that defendants prepared and/or submitted fraudulent tax returns claiming refunds based on phony Internal Revenue Service ("IRS") Forms 1099-OID and 1099-A. In its Complaint, the United States seeks to enjoin defendants from: 1) advising or assisting

others to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities; 2) preparing or filing federal tax returns or forms for anyone other than themselves; and 3) advising or assisting others with respect to federal tax matters or forms. Complaint at 1.

At a conference held on February 29, 2012, this Court ordered that discovery be completed by August 31, 2012 but limited discovery to discovery against third parties absent leave to serve discovery on defendants. See minute entry dated 2/29/12. Following a conference held on April 4, 2012, the government filed a letter in response to the Court's request confirming an ongoing criminal investigation of the defendants related to the alleged conduct giving rise to this action. See ct. doc. 11.

## DISCUSSION

I. Jurisdiction

As a preliminary matter, this Court addresses several arguments that defendants raise in challenging the Court's jurisdiction. To the extent that their arguments are understandable, defendants contend that their names "lawfully and properly [are] spelled only in upper and lower case letters" as "Natural Person[s]," as opposed to "ARTIFICIAL PERSON[S]," and that they are thus "exempt from any and all identifications, treatments, and requirements as such pursuant to any process,

-2-

law, code or statute or any color thereof." Defendants appear to be arguing that the spelling of their names in all capital letters in the caption of the complaint refers to an artificial entity rather than a natural person and somehow divests the Court of jurisdiction over them. Such arguments have long been rejected by several courts. See, e.g., Greathouse v. U.S., 2009 WL 3431391, at *9 (E.D. Tax. 2009); U.S. v. Mitchell, 405 F. Supp. 2d 602, 603-04 & n.4 (D. Md. 2005); Jaeger v. Dubuque Co., 880 F. Supp. 640, 643 (N.D. Iowa 1995). Obviously, the typeface used in the caption of the complaint does not affect the Court's jurisdiction.

Defendants also claim that jurisdiction over this case must be conferred under Article III, section 2 of the Constitution and that plaintiff has not established "lawful jurisdiction." Article III, section 2 expressly provides, inter alia, that the judicial power extends to any suit where the United States is a party. Congress has enacted statutes specifying that federal district courts have original jurisdiction over civil actions arising under the federal revenue laws, 28 U.S.C. § 1340, and civil actions commenced by the United States, 28 U.S.C. § 1345. In addition, sections 7402, 7407 and 7408 of Title 26 expressly authorize the United States to bring civil actions in the district where the defendant resides. To the extent that defendants' reference to Article III is intended to challenge a U.S. Magistrate Judge's authority to adjudicate this case, 28 U.S.C. § 636 permits magistrate judges to hear and determine any

pretrial matter pending before the court.

Defendant Chestnut also argues that discovery is not warranted here because "[t]here is no evidence before the court" and that the statements by counsel for the government are not evidence. Of course, the right of a party to obtain discovery is not dependent on the evidence the party submits to the court. The Federal Rules of Civil Procedure provide for broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

## II. Stay of Discovery

This Court initially stayed first-party discovery, pending discovery against third parties and determination of the status of a criminal investigation of the defendants.

"[T]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings . . ." Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); see Nosik v. Singe, 40 F.3d 592, 596 (2d Cir. 1994). Nevertheless, "a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem to require such action. . . ." Kashi, 790 F.2d at 1057. "Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the

criminal case." Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). However, a stay of a civil case is "an extraordinary remedy." SEC v. Constantin, 2012 WL 1195700, at *1 (S.D.N.Y. 2012); In re 650 Fifth Avenue, 2011 WL 3586169, at *3 (S.D.N.Y. 2011); Trustees of the Plumbers, 886 F. Supp. at 1139.

In particular, a stay can protect a civil defendant from having to make a difficult choice between invoking her Fifth Amendment privilege which may result in a jury drawing an adverse inference against her in the civil case or potentially making admissions of criminal conduct that will be used against her in the criminal investigation. See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97-98 (2d Cir. 2012). Yet, "what is at risk is not their constitutional rights - for they cannot be forced to testify . . . but their strategic position in the civil case." Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 578 n. 4 (S.D.N.Y. 2001).

In determining whether such a stay should be granted due to the pendency of the related criminal proceeding, the district court should consider such factors as (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the

-5-

interests of the courts; and (6) the public interest.  <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, 676 F.3d 83, 99 & n.14 (2d Cir. 2012) (quoting <u>Trustees of the Plumbers</u>, 886 F. Supp. at 1139); <u>see</u> <u>SEC v. Boock</u>, 2010 WL 2398918, at *1-*2 (S.D.N.Y. 2010); <u>Hicks v. City of New York</u>, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003).  No one factor is determinative.

As to the first factor, the issues in the criminal investigation clearly overlap with the issues raised herein, since they arise from the same alleged conduct.  The government alleges in the complaint that defendants prepared and filed fraudulent tax returns, the same conduct at issue in the parallel criminal investigation.  The first factor is critical because "[i]f there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay."  <u>Trustees of the Plumbers</u>, 886 F. Supp. at 1139.

Next, the investigation into the defendants' activities is ongoing and there has been no indictment.  "[D]istrict courts in this Circuit 'generally grant the extraordinary remedy of a stay only after the defendant seeking a stay has been indicted.'"  <u>Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.</u>, 175 F. Supp. 2d at 577 (quoting <u>Citibank, N.A. v. Hakim</u>, 1993 WL 481335, at *1 (S.D.N.Y. 1993)).  "[I]t is universally agreed that the mere pendency of a criminal investigation standing alone does not require a stay."  <u>Id.</u> at 578.  The dangers to a defendant pre-indictment are "at least somewhat more remote" while "the delay imposed on the plaintiff is potentially indefinite."  <u>Id.</u> at 577.

-6-

Accordingly, this factor weighs heavily against granting a stay. See Constantin, 2012 WL 1195700, at *2; Sterling, 175 F. Supp.2d at 578.

Finally, this Court weighs the interests of the parties, the public and the Court. Because of the substantial overlap of issues between this case and the criminal investigation, defendants are posed with a dilemma if they participate in discovery: either testify and waive their Fifth Amendment privilege or invoke their Fifth Amendment rights and risk an adverse inference. However, as discussed below, the Court will endeavor to minimize the prejudice to defendants caused by participating in discovery in the absence of a stay. On the other hand, the government has a strong interest in the enforcement of its tax laws and obtaining injunctive relief to end the conduct alleged in the complaint. The public also has an interest in protecting the public fisc from being dissipated by fraudulent tax refunds. As to the court's interests, the indefinite suspension of civil proceedings would undermine the speedy resolution of cases.

The written discovery sought by the government consists of document requests and interrogatories concerning copies of tax returns prepared by or submitted by defendants, correspondence drafted by the defendants to the IRS and a list of the individuals for whom defendants prepared tax returns. Although the Fifth Amendment does not protect the contents of voluntarily prepared documents, the "act of production" of those documents is

-7-

sufficiently testimonial and could incriminate the defendants where the production implicitly communicates incriminating facts, such as the admission that "papers existed, were in [the producing party's] possession or control and were authentic." U.S. v. Hubbell, 530 U.S. 27, 35-37 (2000); Fisher v. U.S., 425 U.S. 391, 410-11 (1976). The act of production may result in incriminating evidence (1) "if the existence and location of the subpoenaed papers are unknown to the govt" and (2) "where production would implicitly authenticate the documents." In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992, 1 F.3d 87, 93 (2d Cir. 1993). Here, there has been no showing that the information sought is known to exist or to be in defendants' possession.

However, income tax preparers are required by 26 U.S.C. § 6107 to retain copies of tax returns and make those documents available upon request by the government. The "required records exception" is applicable where documents are sought that the producing party is required to maintain. Several courts have found that copies of tax returns and lists of taxpayers for whom the producing party prepared tax returns is covered by the "required records exception." See U.S. v. Bell, 217 F.R.D. 335 (M.D. Pa. 2003); U.S. v. Mayer, 2003 WL 21791155 (M.D. Fla. 2003); U.S. v. Bohonnon, 628 F. Supp. 1026 (D. Conn. 1985). Thus, at least some of the documents are "required records" and their production would not implicate defendant's Fifth Amendment rights.

In sum, most of the factors weigh against a stay. However, this Court is mindful that "when the government is a party in a civil case and also controls the decision as to whether criminal proceedings will be initiated, special consideration must be given to the plight of the party asserting the Fifth Amendment." SEC v. Graystone Nash, Inc., 25 F.3d 187, 194 (3d Cir. 1994). To the extent that the Fifth Amendment is implicated by questions that will be asked at the defendants' depositions or by the written discovery propounded by the government, the court should make an accommodation to "further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of privilege." See U.S. v. Certain Real Property and Premises Known as 4003-4005 5th Avenue, 55 F.3d 78, 83 (2d Cir. 1995) (civil forfeiture). The Second Circuit has upheld protective orders issued pursuant to Rule 26(c) designed to prevent the government from using potentially incriminating testimony against a deponent in subsequent proceedings. See Minepco S.A. v. Conticommodity Servs., Inc., 832 F.2d 739, 742-43 (2d Cir. 1987) (denying CFTC's motion to modify protective order); Palmieri v. State of New York, 779 F.2d 861, 866 (2d Cir. 1985) (upholding protective order that was specifically intended to preclude Attorney General from learning details of case); Martindell v. Int'l Telephone and Telegraph Corp., 594 F.2d 291, 295-97 (2d Cir. 1979) (recognizing that government's "awesome" investigatory powers "render unnecessary its exploitation of the fruits of private litigation"). Accordingly, the discovery

-9-

obtained in this action may be used solely for purposes of this litigation and may not be shown, distributed or disseminated to any other person or otherwise used for any purpose other than for impeachment purposes in another proceeding or in connection with a perjury prosecution arising out of the defendants' deposition testimony.  However, the government may use information derived from this action against other individuals or entities in any other proceeding.  This accommodation will minimize the prejudice to defendants by having to choose between risking an adverse inference being drawn against them in this action and waiving their Fifth Amendment rights.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for discovery is granted subject to the limitations discussed herein.  Plaintiff must promptly serve defendants with the discovery proposed and defendants must respond within thirty days after being served.  Defendants are warned that failure to comply could result in sanctions.

**SO ORDERED.**

Dated:    Brooklyn, New York
          July 20, 2012

_____/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE